# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-1889V

|  |  |
|---|---|
| BEATRIZ BOWMAN,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: August 26, 2025 |

*Jonathan J. Svitak, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.*

*Julianna R. Kober, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION DISMISSING CLAIM[1]

On December 22, 2022, Beatriz Bowman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza vaccine on March 17, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 8, 2025, I issued an Order to Show Cause why the claim should not be dismissed. (ECF No. 22). As the Order notes, Respondent had filed a status report in

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

January 2024 which indicated that Petitioner appeared to have not filed medical records relevant to the claim. *Id.* at 1. The Order further notes that Petitioner asked for and was granted two extensions of time to file these records, but had failed to do so at the time the Order was filed, despite over one year having passed during which Petitioner did not file the records or request further extensions. *Id.* at 1-2.

Given this procedural history, and the absence of documents needed to substantiate the claim, I noted in my Order that it was unlikely that Petitioner would be able to prove that her shoulder symptoms due to the alleged SIRVA had persisted for more than six months. Order at 2. I did, however, allow Petitioner the chance to avoid dismissal by filing the previously-ordered medical records, and any additional evidence bearing on the claim, by August 25, 2025. *Id.*

On August 25, 2025, in lieu of filing the requested medical records, Petitioner filed a Motion for Decision Dismissing Her Petition. (ECF No. 23). In it, Petitioner indicates that an investigation of the facts and science supporting her case has demonstrated that she will be unable to prove that she is entitled to compensation and that in these circumstances, to proceed further would be unreasonable and would waste the resources of the Court, the Respondent, and the Vaccine Program. *Id.* at 1.

To receive compensation under the Program, Petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Examination of the record does not disclose sufficient evidence to establish that Petitioner suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Petitioner's alleged injury was vaccine-caused.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner was injured by a vaccine.

**For these reasons, in accordance with Vaccine Rule 21(b)(1) and Section 12(d)(3)(A) of the Vaccine Act, this case is <u>DISMISSED</u> for insufficient proof, with prejudice. The Clerk of Court shall enter judgment accordingly.**[3]

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master